IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KC PROCESSING COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00442-DGK |
| | ) | |
| J.L.E.T. ENTERPRISES SWF, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

This case arises out of a soured business relationship between a franchisor and franchisee. Plaintiff Three Dog Bakery, LLC alleges that Defendants J.L.E.T. Enterprises SWF, LLC, Joseph Naughton, and Lynette Naughton breached the franchise agreement and misappropriated Plaintiff's trade secrets when they continued operating a pet bakery in Sarasota, Florida, after their franchise agreement was terminated.

Now before the Court is Plaintiff's Ex Parte Motion for Temporary Restraining Order. ECF No. 3. Plaintiff requests a temporary restraining order enjoining and restraining Defendants from violating the franchise agreement's noncompete provision and using its confidential information, licensed marks, equipment, and processes.

After carefully reviewing the motion and the existing record, the Court holds Plaintiff has not met its burden for the Court to issue a temporary restraining order. The request for temporary restraining order is DENIED.

**Background**

Plaintiff's allegations are detailed in its Verified Complaint, motion, and suggestions in support of the motion, all of which the Court has carefully reviewed. Compl., ECF No. 1; Mot.

for TRO and Prelim. Inj., ECF No. 3; Suggestions in Supp., ECF No 4.  The allegations will not be repeated here.

### Standard for Issuance of a Temporary Restraining Order

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted).  The Eighth Circuit applies the same standards to a request for a preliminary injunction and temporary restraining order.  *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989).

The factors this Court considers in any such request are: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest.  *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007) (citing *Dataphase Sys. Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)).  No single factor is determinative; they "must be balanced to determine whether they tilt towards or away from granting" the injunction.  *Noodles Dev., LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007).

### Discussion

**I. Plaintiff has not demonstrated a threat of irreparable harm.**

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm.  *See id.* at 1036–37.  Irreparable harm must be certain and imminent such "that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996).  Possible or speculative harm is not sufficient.  *See Local Union No. 884,*

2

*United Rubber, Cork, Linoleum, & Plastic Workers of Am. v. Bridgestone / Firestone, Inc.*, 61 F.3d 1347, 1355 (8th Cir. 1995). "Failure to show irreparable harm is an independently sufficient ground upon which to deny [a temporary restraining order]." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Here, Plaintiff's Verified Complaint lacks "specific facts . . . show[ing] that immediate and irreparable injury, loss, or damage will result" if a temporary restraining order is not granted. *See* Fed. R. Civ. P. 65(b)(1)(A). Specifically, the Verified Complaint states only that "[u]pon information and belief, Defendants continue to operate a Three Dog Bakery in Sarasota, Florida at the Location despite having had their 2021 Franchise Agreement terminated." Compl. ¶ 44. But a single allegation made on information and belief provides no basis for the extraordinary and drastic remedy of an ex parte temporary restraining order.

Further, Plaintiff terminated the franchise agreement on May 18, 2025, and then waited a month to seek emergency injunctive relief. This delay undercuts Plaintiff's claim of urgency. *See Ng v. Bd. of Regents*, 64 F.4th 992, 997 (8th Cir. 2023) (noting that "an unreasonable delay in moving for the injunction can undermine a showing of irreparable harm"). This concern is reinforced by the timing of this case, which was filed shortly after the Court granted a preliminary injunction in a separate matter involving Plaintiff and another franchisee. The sequence of events suggests judge shopping rather than a genuine need for urgent relief.

As such, the first factor weighs against issuing a preliminary injunction.

**II.   Plaintiff has shown the balance of harms favors issuing a TRO.**

Plaintiff argues that without the issuance of a preliminary injunction the risk to them is great. Plaintiff also contends that Defendants will not suffer any harm because "injunctive relief will merely require Defendants to comply with contractual obligations that they knowingly and

3

voluntarily agreed to." Suggestion in Supp. at 18. While the second factor slightly favors Plaintiff, it carries minimal weight in the analysis.

### III. Plaintiff has shown a likelihood of success on the merits.

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is "at least . . . *sufficiently likely* to support the kind of relief it requests." *Noodles Dev.*, 507 F. Supp. 2d at 1034 (emphasis added) (quotation omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485 (quotation omitted).

There is ample evidence in the record that the parties had a franchise agreement that addressed: (1) royalty and marketing fees; (2) use of confidential information and distinctive markings; and (3) operating a competing business. There are also allegations that suggest Defendants have violated one or more of these provisions. As such, Plaintiff has at least a fair chance of prevailing on at least some of its claims.

### IV. The public interest does not weigh in Plaintiffs' favor.

The Court finds the public interest does not favor either granting or denying the request for a temporary restraining order. Thus, this factor does not weigh in favor of either side.

### V. Plaintiffs have not carried their burden.

After balancing the four factors, the Court holds Plaintiff has not clearly shown entitlement to the extraordinary and drastic remedy of an ex parte temporary restraining order. *See Noodles Dev.*, 507 F. Supp. 2d at 1034.

### Conclusion

Plaintiffs' request for a temporary restraining order is DENIED. The Court withholds ruling on Plaintiffs' request for a preliminary injunction until the issue is fully briefed.

**IT IS SO ORDERED.**

Date:   June 16, 2025                         /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT